HARDY BUGGY CO. v. PINCKARD & SANDERS. (No. 7977.)

(Court of Civil Appeals of Texas. Dallas. June 1, 1918. Rehearing Denied June 29, 1918.)

APPEAL AND ERROR ⬅➡907(3)—ABSENCE OF STATEMENT OF FACTS—PRESUMPTION THAT EVIDENCE SUSTAINS JUDGMENT.

Where the record presents no statement of facts showing the evidence upon which the court bases its judgment, it must be presumed there was sufficient evidence to sustain the action of the court.

Error from District Court, Dallas County; E. B. Muse, Judge.

Suit by the Hardy Buggy Company against Pinckard & Sanders and others for foreclosure of a mortgage, in which Blair & Hughes, a corporation, intervened, asking foreclosure of a mortgage prior to plaintiff's. Judgment for intervener, and plaintiff brings error, and intervener moves to dismiss the writ of error. Motion sustained.

Short & Feild, of Dallas, for plaintiff in error. Spence, Haven & Smithdeal and W. J. Rutledge, Jr., all of Dallas, for defendants in error.

RAINEY, C. J. Appellant, Hardy Buggy Company, brought this suit against Pinckard & Sanders, a partnership, and the Farmers' Mercantile Company, a corporation, with W. C. Dickson, as president, and Guy Cornwell, as secretary and treasurer, to recover on two promissory notes to foreclose a chattel mortgage. The petition alleged, in effect, that plaintiff was a corporation duly incorporated under the laws of Kentucky and domiciled in Paducah, said state; that it sold to Pinckard & Sanders, doing business in Garza, Denton county, Tex., a lot of buggies, for which they executed their notes, and plaintiff reserving title to said buggies until paid for; that they associated one E. M. Roberts with them as a partner, which copartnership was incorporated under the name of the Farmers' Mercantile Company, which corporation assumed the said notes. Plaintiff prayed for a writ of sequestration for a foreclosure of its mortgage and general relief.

Intervener, Blair & Hughes, a Texas corporation, by leave of the court, filed a plea of intervention, alleging an indebtedness against the defendants and foreclosure of a mortgage which was alleged to be prior to the mortgage of plaintiff, denied the plaintiff's lien, and asked for a foreclosure of their mortgage. Dickson filed an answer, but was not present at the trial, and judgment entered against him. The other defendants failed to answer, and judgment by default was entered against them. As between plaintiff and defendants issues were submitted to a jury and anwers returned upon which the court rendered a judgment in favor of intervener, and plaintiff presents this appeal.

A motion to dismiss the writ of error was made by Blair & Hughes Company, on the ground that the Hardy Buggy Company was a foreign corporation, and not entitled to maintain this suit, as it did not have a permit to do business in this state.

The judgment of the court below, among other things, recites:

"And it further appearing to the court from the undisputed testimony that the plaintiff, Hardy Buggy Company, is a foreign corporation under the law of the state of Kentucky having its residence and domicile in said state, in the city of Paducah, in the county of McCracken, and it further appearing to the court from the undisputed evidence that on November 5, 1912, the date on which the contract made by plaintiff with defendants was executed, upon which plaintiff bases cause of action, the said plaintiff did not have a permit to transact business in the state of Texas, as required by the laws of the state of Texas, and at the close of the evidence in this case the intervener presented its motion to dismiss the suit of the plaintiff, Hardy Buggy Company, the ruling of the court upon said motion being withheld until after the jury had returned in court its verdict and then discharged, which said motion is as follows: 'Now comes the intervener at the close of the evidence in this case and makes known to the court that the undisputed evidence shows that the plaintiff, Hardy Buggy Company, is a foreign corporation incorporated under and by virtue of the laws of the state of Kentucky, and that said corporation did not obtain a permit to transact business in the state of Texas until the 14th day of February, 1914, as is manifest from said permit introduced in evidence in this case, and the undisputed evidence shows that the contract upon which the plaintiff bases its cause of action is dated November 4, 1912, as is manifest from said contract which has been introduced in evidence. Therefore the plaintiff, a foreign corporation did not have its permit authorizing it to do business in the state of Texas at the date the cause of action asserted in its petition arose.' And by chapter 26, title 25, arts. 1315, 1318 (Vernon's Sayles' Ann. Civ. St. 1914), said corporation cannot maintain this suit in this court on account of its failure to obtain said permit as provided by law. * * *' It is therefore considered, ordered, and adjudged by the court that the suit of the plaintiff, Hardy Buggy Company, be, and the same is hereby, dismissed; that the plaintiff, Hardy Buggy Company, take nothing herein."

The motion to dismiss the writ of error was held up for consideration until the submission of the main case, which has been submitted.

We find from the record that no statement of facts has been filed showing the evidence

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

upon which the court based its judgment in this respect; therefore we will have to presume there was sufficient evidence to sustain the action of the court, and the motion to dismiss the writ of error is sustained.