## SHORT v. BLAIR & HUGHES CO.
### (No. 8499.)

(Court of Civil Appeals of Texas. Dallas. March 19, 1921. Rehearing Denied April 23, 1921.)

**1. Evidence ⊂⊃332(1)—Judgment in other case admissible to show fact of rendition.**

If the mere fact that a judgment has been rendered in a given case becomes material in trial of another case, the judgment is admissible to show the fact.

**2. Evidence ⊂⊃332(1)—Judgment entry unaccompanied by record or explanation of absence inadmissible otherwise than to show fact of rendition.**

A judgment entry alone, unaccompanied by any other part of the record of such judgment, or any sufficient explanation of its absence, when offered in evidence for a purpose other than to show the fact of its rendition, is inadmissible if reasonably objected to, a rule not qualified by the fact that the judgment offered is from a court of general jurisdiction, nor by the fact that it may contain general recitals of jurisdiction.

**3. Stipulations ⊂⊃21—Evidence insufficient to show plaintiff won prior suit by determination of priority of lien.**

In suit by a company to recover from the representative of a buggy company moneys resulting from sale of certain buggies pending litigation, agreed by defendant to be paid over to plaintiff company if the court held its chattel mortgage lien superior, evidence *held* insufficient to show that plaintiff won the prior suit and secured determination of the priority of its lien.

**4. Evidence ⊂⊃366(3)—Judgment becoming relevant in another action requires no authentication.**

When a judgment becomes relevant in another action in the same court, introduced by the clerk and offered in evidence, it requires no authentication to render it admissible; the production of the judgment by the clerk being sufficient prima facie proof of its authenticity.

**5. Evidence ⊂⊃43(3)—Court cannot take judicial notice of record in other case without formal introduction.**

Though the records of a court prove themselves when offered in evidence, yet in the trial of one case the court can no more take judicial notice of the record in another case in the same court without its formal introduction in evidence than if it were a record in another court.

**6. Trial ⊂⊃54(1)—Judgment offered only to show fact of rendition cannot be looked to as evidence of party who secured it.**

Where the judgment in another case was offered by plaintiff claiming thereunder only to show the fact of its rendition, its consideration and use as evidence in the case is so limited, and it cannot be looked to as evidence showing that it was for plaintiff, the contingency on which the fund for which plaintiff is suing was payable to plaintiff.

**7. Stipulations ⊂⊃11—Surrender of right to strict compliance with provisions for foreclosure of liens supported by consideration, and not illegal.**

Agreement between a company and the representative of a buggy company that, if pending litigation resulted in the determination of the priority of the chattel mortgage lien of the company on certain buggies sold, the representative of the buggy company would pay the proceeds over to the company, *held* not without consideration, or illegal, each of the parties having given a promise for a promise, and each having had the right to insist on a strict compliance with the statutory provisions regarding foreclosure of liens and sales thereunder, and having each surrendered such right.

**8. Stipulations ⊂⊃19—Attorney's fees not recoverable from defendant not guilty of fraud by plaintiff suing for fund.**

In suit by a company to recover from the representative of a buggy company moneys from sale of buggies pending litigation, agreed by defendant to be paid over to plaintiff company if the court held its chattel mortgage lien superior, there being no evidence that defendant obtained the fund by fraud, plaintiff was not entitled to recover attorney's fees.

**9. Appeal and error ⊂⊃209(1)—Party may complain of verdict on particular issue for insufficiency of evidence, though there was no objection to submission.**

Under Rev. St. arts. 1970, 1971, as amended by Acts 1913, c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1971), a party may complain in a case submitted on special issues of an adverse verdict on a particular issue, because of the evidence being insufficient to sustain the verdict thereon, though there was no objection in the first instance to the court's submission of the issue.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by the Blair & Hughes Company against U. F. Short. From judgment for plaintiff, defendant appeals. Reversed and remanded.

K. R. Craig, of Dallas, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

TALBOT, J. The appellee, Blair & Hughes Company, a private corporation, brought this suit against the appellant, U. F. Short, on an alleged cause of action, as follows:

"That prior to May 8, 1916, Hardy Buggy Company instituted a suit in the Forty-Fourth judicial district court of Dallas county, Tex., styled Hardy Buggy Company v. Pinckard & Sanders et al., and numbered 15811-B on the docket thereof, in which said suit Hardy Buggy Company sought to foreclose a mortgage lien on certain buggies alleged to belong to the defendants, Pinckard & Sanders et al.; that Blair & Hughes Company intervened in said suit, and asserted a mortgage lien against said buggies, and asked that the same be declared

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a valid existing lien, prior to the lien asserted by Hardy Buggy Company; that, pending said litigation, U. F. Short, representing the Hardy Buggy Company as its attorney, agreed with Vernor Hall, representing Blair & Hughes Company, that they would endeavor to sell said buggies pending said litigation; that in compliance with this agreement, the said U. F. Short and Vernor Hall sought purchasers for said buggies, and the said U. F. Short obtained a purchaser therefor in the sum of $600, and the said Vernor Hall not obtaining a purchaser for said buggies at a greater amount, the same were sold to said purchaser for said sum, and said sum was retained by U. F. Short; that it was further agreed by and between said U. F. Short and Vernor Hall, one representing Hardy Buggy Company, and the other, Blair & Hughes Company, respectively, that the said sum would be held by U. F. Short pending the outcome of the litigation in the above-described suit, and that in the event said suit was won by Hardy Buggy Company, U. F. Short would retain said sum for the Hardy Buggy Company, but, in the event said suit was won by Blair & Hughes Company, the said U. F. Short would deliver said fund to Blair & Hughes Company; that thereafter, to wit, on May 8, 1916, said suit came duly on for trial in the Forty-Fourth judicial district court of Dallas county, Tex., and judgment was rendered therein on said date, by the terms of which it was, in substance, considered, ordered, and adjudged by the court that the chattel mortgage lien of Blair & Hughes Company upon the buggies, which were the subject of the litigation in said suit, be established as a prior, valid, existing mortgage lien, and that the same be foreclosed, and the same was foreclosed by said court by virtue of the terms of said judgment, and Blair & Hughes Company was given judgment against the Hardy Buggy Company in the sum of $600; that Hardy Buggy Company took an appeal from this judgment to the Court of Civil Appeals, in which court its appeal was dismissed (204 S. W. 354), and from the judgment of the Court of Civil Appeals it applied to the Supreme Court for a writ of error, which application was dismissed by the Supreme Court on the 18th of October, 1918; that on about the 30th of October, 1918, Blair & Hughes Company 'requested U. F. Short to pay said judgment in the sum of, to wit, $689—$600 being the principal amount of said judgment,' and interest from May 8, 1916, in the sum of $89, but that said Short refused to pay the same, or any part thereof, and has ever since so refused; that the representations made by said Short at the time of entering into the agreement with Vernor Hall, 'to the effect that when said litigation was settled, if settled in favor of Blair & Hughes Company, he would immediately deliver said sum to Blair & Hughes Company, was fraudulently made by the said U. F. Short for the purpose of inducing the plaintiff to let him obtain custody of said sum; that plaintiff believed the representations made on the part of U. F. Short, and, had it not been for said representations, that plaintiff would not have agreed that the said U. F. Short should retain said sum pending said litigation;' that the refusal of Short to pay the money to plaintiff was in fraud of its rights, and by reason thereof plaintiff had been compelled to employ counsel and bring this suit, and has

agreed to pay said attorneys a fee of $200; that it had been compelled to expend the sum of $25 for certified copies of court proceedings."

Plaintiff prayed judgment for $689, with 10 per cent. interest thereon from the 18th day of October, 1918, because of the fraud of defendant in withholding payment, and for damages in the sum of $225.

Defendant filed exceptions, general and special, to plaintiff's petition, a general denial, and further alleged as follows:

"Plaintiff, Hardy Buggy Company, in the suit referred to, had originally sold the buggies in controversy in that suit to Pinckard & Sanders, retaining the title to the property as security for the purchase money, which, as plaintiff construed it, under the law constituted the transaction a mortgage, the transaction being evidenced by a written contract. This contract, however, had not been recorded prior to the execution of the chattel mortgage to intervener, upon which he sought a foreclosure by his intervention. The intervener in that suit relied on the fact of the nonregistration of plaintiff's mortgage, and the registration of its own mortgage, to establish the priority of its mortgage lien over that of the plaintiff, Hardy Buggy Company. The Hardy Buggy Company, however, relied on the facts: (1) That Blair & Hughes Company obtained their mortgage with actual notice of plaintiff's lien; (2) that the chattel mortgage of Blair & Hughes Company was fraudulent and void as against the creditors of Pinckard & Sanders, and the subsequent owners, which succeeded to their business, or which their business was incorporated, and which were liable for plaintiff's debt, as well as for the debt of Blair & Hughes Company; (3) that the debt and mortgage lien of Hardy Buggy Company antedated the chattel mortgage of Blair & Hughes Company. The issue as to whether the plaintiff, Hardy Buggy Company, or the intervener, Blair & Hughes Company, held a superior valid lien on the property in controversy, being the only material issue in the case, and the parties, viz., this defendant and Vernor Hall, contemplating a determination of that question on its merits by the court, entered into an agreement for the sale of the property and the retention of the money by defendant to await the determination of that issue by the court on its merits. This agreement was entered into in good faith both by this defendant and Vernor Hall. Both of them contemplated that the trial to be had would be upon the merits of the relative priorities of the two liens. This issue was never determined by the court, and has not yet been determined; and this determination of the issue on its merits was prevented by the action of Blair & Hughes Company, who, by their attorneys, at the conclusion of the evidence on the trial, made a motion to dismiss the suit of Hardy Buggy Company on the ground that it had appeared from the evidence that at the date of the original transaction between Hardy Buggy Company and Pinckard & Sanders the Hardy Buggy Company, a private corporation residing in Kentucky, did not have a permit to do business in Texas. Thereupon, after having first submitted to the jury the special issues, but before any adjudication of the case, or

any judgment on the verdict of the jury, the court sustained the motion, and dismissed plaintiff, Hardy Buggy Company's suit; and, being thus dismissed from the case and refused a hearing on the merits of its debt and lien, that matter was no longer before the court; and the judgment thereafter rendered did not, and could not, determine the merits of the debt and lien of the Hardy Buggy Company. That the court was without jurisdiction to render any judgment on the merits of the controversy as to the relative standing of the two liens, for the reason that the lien of the Hardy Buggy Company was no longer before the court. All of which was occasioned by the action of plaintiff, Blair & Hughes Company."

Plaintiff replied by a supplemental petition embracing exceptions to defendant's answer, a general denial, and a restatement of the original suit and judgment substantially as in its original petition.

The court sustained the plaintiff's exception to paragraph 8 of the defendant's answer, wherein the issue of priority of liens was tendered, and defendant's exception to the plaintiff's item of $25 for certified copies of the record. All other exceptions of both plaintiff and defendant were overruled.

The case was submitted to the jury on the following special issues:

"No. 1. Was the agreement had between U. F. Short and Vernor Hall that U. F. Short would retain the money which he received for the buggies until a judgment was rendered in the Forty-Fourth judicial district court of Dallas county, Tex., determining whether or not the Hardy Buggy Company or Blair & Hughes Company had a superior lien upon said buggies, or was the agreement that said money would be retained by U. F. Short, to be paid to the party winning said lawsuit?" To which the jury answered: "To be paid to the party winning said lawsuit."

"No. 2. Fraud consists in deception effectually practiced in order to induce another to part with property or to surrender a legal right. Keeping this definition in mind, did U. F. Short (the defendant) practice a fraud upon Vernor Hall in obtaining the custody of said funds?" To which the jury answered: "Yes."

"No. 3. What amount of money, if paid now by Blair & Hughes Company, would be a reasonable attorney's fee for prosecuting the suit in their behalf?" Answer: "Two hundred dollars."

Each party presented a motion for judgment in his favor. That of the defendant was overruled, while that of the plaintiff was granted, and judgment entered that plaintiff recover of defendant $689, with interest thereon from March 7, 1919, at the rate of 10 per cent. per annum until paid, and the further sum of $200, as attorney's fees, with interest thereon at the rate of 6 per cent. per annum from date of judgment until paid.

The first assignment of error complains of the court's action in overruling the defendant's objections to the introduction in evidence by the plaintiff of the judgment rendered in cause No. 15811, Hardy Buggy Company v. Pinckard & Sanders, and permitting said judgment to be read in evidence. The propositions urged are:

First, the judgment was not admissible unless it was first shown that the court had jurisdiction of the parties and the subject-matter, by pleadings and the other record in the case; second, that it appeared on the face of said judgment "that the issue between Hardy Buggy Company and Blair & Hughes Company as to which had the superior lien on the property involved was not adjudicated, in that Hardy Buggy Company's suit was dismissed by the court without any consideration of its debt or lien, and the intervener, Blair & Hughes Company, appears to have abandoned its suit on its debt, to secure which it claimed the lien on the buggies was given"; third, that "the judgment, in so far as it gave a recovery to the intervener against Hardy Buggy Company for $600, was not admissible as evidence in this case, for the reasons: (1) There is nothing in the record offered, nor in the plaintiff's pleadings in this case, to indicate that the matter of an indebtedness claimed by Blair & Hughes Company against Hardy Buggy Company was involved in that case, or brought within the jurisdiction of the court by any pleading filed therein; (2) because the Hardy Buggy Company is not a party to this suit, and the defendant in this suit was not a party to the suit in which judgment was rendered; (3) a judgment for $600 against the Hardy Buggy Company in favor of the plaintiff herein was not relevant as evidence of plaintiff's right to recover $600 against U. F. Short;" (4) "the judgment was not admissible as evidence because it appears from said judgment that the case was tried before a jury, and a verdict rendered thereon, and it further appears that said judgment was not entered on the verdict of the jury, and no disposition appears to have been made of the verdict of the jury."

To the foregoing propositions of the appellant the appellee replied:

(1) "The judgment rendered in the case of Hardy Buggy Company v. Pinckard & Sanders, Blair & Hughes Company, intervener, was rendered in the Forty-Fourth judicial district court of Dallas county, Tex., the same court in which this suit of Blair & Hughes Company v. U. F. Short was tried. Therefore, the judgment itself could be produced in evidence for the inspection of the court when said judgment became relevant in another action in the same court, and said judgment requires no authentication, as said court will take judicial notice of its own records."

(2) "The plaintiff's suit was not a suit on a judgment. It was a suit for breach of contract, and the judgment was admissible in evidence to show the fact of its rendition, which was the only purpose of offering said judgment in evidence, and, when it is only sought to prove that a judgment of a given court has been rendered, it is not necessary to its admissibility that all the various proceedings be shown."

(3) "Whether or not the issue between Hardy Buggy Company and Blair & Hughes Company as to which had the superior lien on the property involved was adjudicated in the suit of

Hardy Buggy Company v. Pinckard & Sanders, Blair & Hughes Company, intervener, is wholly irrelevant and immaterial to any issue in this case, because there is a final judgment entered finally determining that Hardy Buggy Company was a foreign corporation at the time it acquired its alleged lien, and at said time did not have a permit to transact business in said state, issued by the proper authorities of said state. This is a suit upon an agreement between Vernor Hall and U. F. Short, and whether or not the question of priority of liens between Hardy Buggy Company and Blair & Hughes Company has been determined is wholly irrelevant and immaterial to any issue in this case."

The judgment in question, and to the introduction of which the appellant objected, appears in the record, but in view of the conclusions we have reached it is unnecessary to state its contents or copy it in this opinion.

Manifestly, the appellant's interpretation of the alleged agreement between Vernor Hall, agent for Blair & Hughes Company, and himself, as attorney for Hardy Buggy Company, upon which appellee's suit is based, was, and is, that the right of Blair & Hughes Company to demand and recover of Short the proceeds of the sale of the buggies was dependent upon the adjudication of the issue as to which of said parties had the superior lien in the suit No. 15811, Hardy Buggy Company v. Pinckard & Sanders et al., whereas that of Blair & Hughes Company was, and is, that its right to demand and recover of Judge Short the proceeds of such sale was dependent upon which of said parties won that suit. In support of its theory and interpretation of the contract, the appellee offered in evidence, and was permitted to introduce over the objections of the appellant, the judgment rendered in said suit of Hardy Buggy Company v. Pinckard & Sanders et al. without offering any of the pleadings or other portions of the record in that suit. The complaint of the appellant to that action of the court is met here with the assertion in its second counter proposition to appellant's first proposition under first assignment of error, that appellee's suit was not upon the judgment, but was for a breach of the contract entered into between Hall and Short, and that the—

"judgment was admissible in evidence to show the fact of its rendition, which was the only purpose of offering said judgment in evidence."

[1, 2] If the mere fact that a judgment has been rendered in a given case becomes material in the trial of another case, the judgment is admissible to show that fact. Jones on Evidence (2d Ed.) § 62b. But a judgment entry alone, unaccompanied by any other part of the record of such judgment, or any sufficient explanation of its absence, when offered in evidence for a purpose other than to show the fact of its rendition, is inadmissible if reasonably objected to. The rule is not qualified by the fact that—

"the judgment offered is from a court of general jurisdiction, nor by the fact that it may contain general recitals of jurisdiction." 10 Ruling Case Law, p. 1124, § 331; Clem v. Meserole, 44 Fla. 234, 32 South. 815, 103 Am. St. Rep. 145.

In the case here cited it is said that the rule announced is a rule of evidence, and that a party is entitled to have the whole record, so far as it concerns the formal stages, produced, because such record is a material part of the judgment, and because he has a right to insist that the presumptions applicable to judgments of courts of general jurisdiction shall be applied only when it is ascertained from an inspection of the whole record that it does not affirmatively appear therefrom that the court did not have jurisdiction to render the judgment. If the judgment was evidence in this case only of the fact of its rendition, and appellee says it was offered to establish that fact only, appellee cannot be heard to contend that it did establish any other fact, and this court will not look to said judgment to ascertain what was adjudicated thereby. As offered, it was proof only that a judgment had been rendered in the suit of Hardy Buggy Company v. Pinckard & Sanders et al., and not what was adjudicated thereby. It was necessary, to enable the court or jury to determine who was the successful party in that suit, to show in whose favor the controlling issue involved was decided, and obviously this could not be done by simply showing the rendition of a judgment. The judgment for the purpose admitted, standing alone, did not suffice to show who won the suit of Hardy Buggy Company v. Pinckard & Sanders et al., and hence, it follows that without other evidence of the fact appellee failed to prove that it won its suit in that case. If the judgment was admitted to be considered for all relevant purposes, then its admission was error, under the rule above announced, because "unaccompanied by any other part of the record of such judgment or any sufficient explanation of its absence."

[3] But appellee argues that it was proved by the testimony of the witness Walter Fly, deputy clerk of the district court of Dallas county, Tex., and George W. Blair, clerk of the Court of Civil Appeals, that appellee won the suit of Hardy Buggy Company v. Pinckard & Sanders et al. In this view of the testimony of these witnesses we do not concur. The witness Fly simply identified the minute book of his office in which the judgment rendered in the case of Hardy Buggy Company v. Pinckard & Sanders et al. was entered, and testified that he entered said judgment on the minutes of the court cor-

rectly. He made no statement as to the contents of the judgment, what it adjudicated, or who prevailed in the suit in which it was rendered. The witness Blair identified the judgment of the Court of Civil Appeals dismissing the writ of error of Hardy Buggy Company, taken from the judgment of the district court of Dallas county. He gave no testimony further than to identify the judgment rendered. in the Court of Civil Appeals, and to say that an application for a writ of error to the Supreme Court was filed and the record sent to the Supreme Court, which record was subsequently returned, together with the order of the Supreme Court made on said application. The judgment of the Court of Civil Appeals was simply to. the effect that the writ of error taken to that court be dismissed, and that the defendants in error recover of the plaintiff in error all costs. The order of the Supreme Court, made on the application for a writ of error to that court, was that the application be dismissed on motion of.the defendant in error. Neither the testimony of the witnesses Fly and Blair, standing alone, nor their testimony taken in connection with the orders of the Court of Civil Appeals and of the Supreme Court, was sufficient to show who "won" the lawsuit in question. Appellees further insist that since the judgment in the suit of Hardy Buggy Company v. Pinckard & Sanders et al. "was rendered in the Forty-Fourth judicial district court of Dallas county, and the judgment in the case at bar was rendered in the same court, that court will take judicial knowledge of the fact that the former case was prosecuted to a final adjudication, and that, if the agreement between Hall and Short was that Short was to hold said fund pending said litigation, that said litigation had been determined."

[4, 5] We recognize the rule that when a judgment becomes relevant in another' action in the same court, such judgment, when produced by the clerk and offered in evidence, requires no authentication to render it admissible, as the court takes judicial notice of its own records. The production of the judgment by the clerk is sufficient prima facie proof of its authenticity. The authenticity of the judgment produced in this case was and is not questioned. But, admitting its authenticity, the appellant contended that it was not admissible, for the reasons stated by him, to establish the essential fact relied on by appellee for a recovery, that appellee had won its suit in the case of Hardy Buggy Company v. Pinckard & Sanders et al. The case, was being tried before a jury, and if the judgment in question was relevant and material evidence in proof of that fact, it should have been offered for that purpose. "Though the records of a court prove themselves when offered in evidence, yet in the trial of one case the court can no more take judicial notice of the record in another case in the same court without its formal introduction in evidence than if it were a record in another court." 15 Ruling Case Law, p. 1114; People v. De La Guerra, 24 Cal. 78. See Judge Freeman's note to 89 Am. Dec. 688. The cases cited by the appellee upon this subject are not believed to be controlling here. A court will judicially recognize the contents of any of its records in the proceeding before it, and, consistent with this rule, our appellate courts have held, in the cases relied on by the appellee, that "if the garnishment proceeding be a part of the original suit—that is to say, merely ancillary to it—the court, upon trial of the issues in the garnishment, will look to the record in the principal action." In such case "the fact that the judgment was against the original defendant need not be proved." See, also, Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563.

[6] The judgment was offered, as appellee itself says, only to show the fact of its rendition. Therefore, its consideration and use as evidence in the case being thus limited, it cannot be looked to as evidence showing that the contingency upon which the fund held by the appellant.and sought to be recovered in this suit had happened.

The judgment rendered in the suit of Hardy Buggy Co. v. Blair & Hughes Co. having been introduced in evidence simply to show the fact of its rendition, and for no other purpose, we are not in a position, for lack of evidence, to consider and determine the legal effect of the judgment, or decide the specific questions attempted to be raised and presented by the second, third, and fourth propositions urged by appellant, and quoted above.

[7] We do not think the agreement upon which the appellee sued was without consideration, or illegal, or that the subject-matter of the agreement was one over which neither U. F. Short, representing the Hardy Buggy Company, nor Vernor Hall, representing Blair & Hughes Company, had any right, disposition, or control. We agree with counsel for appellee that there was no want of consideration, as each of the parties "gave a promise for a promise. Each of them had the right to insist upon a strict compliance with the statutory provisions regarding foreclosure of liens and sales thereunder, and, by making this agreement, each surrendered that legal right. Each also contemplated a benefit, in that a private sale would realize a larger amount than a sale under foreclosure." James v. Fulcord, 5 Tex. 512, 55 Am. Dec. 743. We are also of the opinion that U. F. Short and Vernor Hall had such disposition and control of the property seized under the sequestration proceedings, and replevied by the Hardy Buggy Company, as authorized them to make the agreement in

question. Pinckard & Sanders had made no defense to the suit, and the sole question was whether Hardy Buggy Company or Blair & Hughes Company was entitled to the buggies, or fund arising from a sale thereof. As agents representing these two claimants, the only interested parties, they could, it occurs to us, by agreement, dispose of the property as suited their convenience pending the termination of the lawsuit. There was, therefore, nothing illegal in the agreement, though it took property out of the custody of the law and disposed of it. We are aware of no law which prohibits this being done. The statutory provisions of our law are evidently for the benefit of litigants, and they may, by the mutual consent of their attorneys, waive compliance therewith.

[8, 9] The fourth and seventh assignments of error assert, respectively, that the trial court erred in submitting to the jury the issue of fraud in obtaining the agreement with Vernor Hall, for the reason there were no facts in evidence raising or supporting such issue, and in submitting the issue as to the amount of attorneys' fees, for the reason that the appellee was not entitled to attorneys' fees in any amount. We conclude that both of these assignments are well taken. The testimony conclusively shows that Vernor Hall never had possession of the fund for the amount of which a recovery is here sought, and that the appellant did not obtain the custody of said fund from him, nor from any one whom he represented. And we have discovered no evidence that the appellant practiced any deception on Hall in securing possession of the fund. Indeed, it is undisputed that Hall proposed the agreement to the appellant, and himself stipulated the terms. Appellant simply assented to the proposition. There being no evidence that the appellant obtained the fund by fraud, the appellee was not entitled to recover in this suit attorneys' fees. Appellee, in reply to the fourth assignment of error, suggests that, whether or not the evidence was sufficient to support the finding of the jury, that the appellant practiced a fraud upon Vernor Hall with reference to the agreement will not now be considered by this court, because in the trial court the appellant reserved no exception to the issue being submitted to the jury, and thereby acquiesced in its submission. Several cases are cited which seem to support this view of the appellee, but the contrary is expressly decided by the Supreme Court of this state in Electric Express & Baggage Co. v. Ablon, 218 S. W. 1030. In that case it is held that a party, under articles 1970 and 1971, of the statute, as amended by the act of 1913 (Laws 1913, c. 59, § 3 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1971]), may complain, in a case submitted on special issues, of an adverse verdict upon a particular issue because of the evidence being insufficient to sustain the verdict thereon, where there was no objection in the first instance to the court's submission of the issue. The reasons for the court's holding are fully stated in the opinion, and it would serve no useful purpose to repeat them here. In the state of the record before us we would not be authorized to reverse and render judgment here for the appellant. Therefore, the judgment of the district court, for the reasons indicated, will be reversed, and the cause remanded.

Reversed and remanded.