### E. W. BROWN v. THE STATE.

No. 9362.   Delivered October 28, 1926.

Rehearing Granted December 22, 1926.

**1.—Transporting Intoxicating Liquors—Continuance—Practice on Appeal.**

Where a bill of exception complaining of the refusal of the trial court to grant a continuance fails to show whether such application was a first or a subsequent application, on appeal it will be presumed to have been

a subsequent, and not a first application.  Following Massie v. State, 30 Tex. Crim. Rep. 64; Roma v. State, 55 Tex. Crim. Rep. 345.

### 2.—Same—Continuance—For Cumulative Testimony—Proper.

Where a subsequent continuance is asked on account of the absence of appellant's wife, and on the trial it is shown that her testimony was only cumulation of the testimony of two witnesses given on the trial the continuance, and the refusal of a new trial on account of its refusal, was proper.

### 3.—Same—Voir Dire Examination—Challenge for Cause—Properly Over-ruled.

Where appellant complains of the court's action in refusing to sustain his challenge for cause to the juror Holcomb on his voir dire examination and the bill of exception presenting the matter is qualified with the statement that the juror testified on his examination that he could, and would, try the case according to the law and the evidence, and that he knew nothing about the case, with this qualification no error is shown.

### 4.—Same—Evidence—Withdrawn From Jury—Admission Harmless Error.

Where testimony was admitted to the effect that some mash and other equipment for making whiskey was found at appellant's residence, after he was arrested, and it is shown that the court instructed the jury both orally and in writing not to consider such testimony, no reversible error is shown.

### 5.—Same—New Trial—Misconduct of Jury—Practice in Trial Court.

Where appellant requests a new trial on account of the misconduct of the jury, and the court hears evidence on the issue, unless it is clearly shown that the action of the court in passing upon this evidence was an abuse of his discretion, this court will not revise such action.

#### ON REHEARING.

### 6.—Same—New Trial—Prejudiced Juror—Erroneously Refused.

Where a juror on his voir dire examination testified that he had an opinion and did not think he ought to sit on the jury, but that he could try the case according to the law and the evidence, and was accepted as a juror over appellant's challenge for cause, and on the hearing of the motion for a new trial, said juror testified, in substance, that he was biased against appellant, believed him guilty when accepted, and that his opinion previously formed was predicated upon his discussion of appellant's guilt of violations of the liquor laws with officers, a new trial should have been granted.

### 7.—Same—Continued.

It is doubtful if a juror should ever be taken whose voir dire examination discloses that he is conscious of such feeling or knowledge in a particular case as would lead him to conclude, and state under oath, that he ought not to sit. Even though the trial judge might have been misled by the answers of the juror on his voir dire examination, his statement on the hearing of the motion for a new trial that he had a pre-formed opinion in the case, and was biased against the appellant and his verdict was influenced thereby, a new trial should have been granted, and the cause is now, on rehearing, reversed and remanded.

8.—Same—Charge of Court—On Circumstantial Evidence—Properly Refused.

Where, on a trial for transporting intoxicating liquor, the evidence disclosed that appellant while driving an automobile met the officers and was seen by them to throw a jug of whiskey out of the car, and struggled with the officers over a bottle of liquor which seemed to be on the seat of the car, a charge on circumstantial evidence was not necessary.

Appeal from the District Court of Collingsworth County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Jas. C. Mahan* of Wellington, for appellant. On disqualifications of juror, appellant cites:

Robbins v. State, 155 S. W. 936; Muse v. State, 248 S. W. 862; Hanks v. State, 21 Tex. 526; Graham v. State, 13 S. W. 1010.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Collingsworth County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant complains in his bill of exceptions No. 1 at the court's action in overruling his application for a continuance and in his brief he terms this application as his first application. The bill of exceptions, however, and the application itself, fails to show whether it is a first application or a subsequent application, and when the bill of exceptions taken to the refusal does not show whether it is a first or subsequent application, it will be presumed to be a subsequent application. Massie v. State, 30 Tex. Crim. App. 64, 16 S. W. 770; Roma v. State, 55 Tex. Crim. Rep. 345, 116 S. W. 598.

The defendant alleged:

"That he expects to prove by said witness, who was his wife and who was in the car with him at the time the offense is alleged to have been committed, that the defendant did not put the alleged whiskey in the car and did not know the contents of the jug and bottle found therein by the officers until just before the officers stopped the car when a third party to whom

said alleged whiskey and jug and bottle belonged and who was in the car at that time told the defendant to throw out said jug and bottle, and that then when the officers stopped the car was the first time that this defendant knew the contents of the jug and bottle or had any knowledge of what they were supposed to contain."

The foregoing is taken from the motion for a continuance and it shows on its face to consist almost wholly of the conclusions of the witness, and the court was not in error in refusing to grant the continuance to enable the said witness to give such testimony.

Appellant further alleged, however, that he expected to prove by this witness that she saw one Jess Preston place said jug and bottle in said car and heard him tell this defendant on inquiry that said jug and bottle were being taken to his father who lived in Wellington, that they belonged to him. This testimony was probably admissible and we cannot say that it was not material but it does not follow that reversible error was committed in the court's failure to grant a new trial on account of the overruling of the motion for a continuance, for the statement of facts shows that the witness Harvey Henry testified to practically the identical facts that appellant expected to prove by his wife. The record shows that appellant, Jesse Preston, Harvey Henry and the absent witness, appellant's wife, were riding in a car that contained a jug and a bottle of whiskey and that appellant threw the whiskey out of the car when they met the officers who made the arrest. As explaining this conduct, appellant sought a continuance for his wife, in order that she might give the testimony above detailed. As above stated, this was a subsequent application for a continuance and we are warranted, therefore, in saying that the testimony of the absent witness would have been cumulative of the testimony of Harvey Henry, whom the statement of facts show testified as follows:

"When we got out of the car Shorty (appellant) said to Jesse, 'What is that there in there Jesse'? And Jesse said, 'That is a water jug that I had out there that I brought from my dads.' He said 'I am carrying it home.' That is all I heard, and that was all that was said about it. I didn't hear anything said about the bottle. He just said that that was a water jug that he borrowed from his dad and was carrying it home. Shorty was in the car when he asked Jesse that. I was in the car with them when we met the officers. Just before we got to the bridge and about the time we passed their car there I heard Jesse say to Brown, 'Yonder is the law,' and he said, 'Throw that jug out

there, it has got whiskey in it.' He said, 'There is a bottle there in the door, get that out.' That is all I heard him say. Shorty then made a grab for the jug and throwed it out."

Under this condition of the record, the court properly refused to grant a new trial on account of the absence of the appellant's wife.

Bill of exceptions No. 2 complains at the court's action in refusing to sustain a challenge for cause to the juror Holcomb. The court's qualification to this bill shows that the juror testified on his voir dire that he could and would try the case according to the law and the evidence in the case and that he knew nothing about this particular case and had no opinion as to the guilt or innocence of the defendant in this particular case. This bill was accepted by the defendant with this qualification, and as qualified, the bill shows no error.

Bill of exceptions No. 3 complains at the court's action in permitting the state to show that some mash and other equipment for making whiskey was found at appellant's residence after he was arrested. The qualification to this bill shows that this testimony was withdrawn from the jury both by oral and written instructions. Under these circumstances, the bill shows no reversible error.

We are unable to say that the court was in error in refusing a new trial on account of the misconduct of the jury. The testimony as to what occurred in the jury room was conflicting and, after a careful consideration of the same we are not able to say that the court abused his discretion in overruling the motion for a new trial.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We will consider at length but one question raised in this motion. Mr. Holcomb sat on the jury. Following his voir dire examination he was challenged for cause. Alleged error of the court in overruling this challenge is presented in bill of exceptions No. 2. It is there stated that Holcomb swore that he knew appellant and that the circumstances surrounding this case would probably influence him, if selected,

and that he could not make a fair and impartial juror because of these circumstances. To this bill is appended a qualification by the trial court, in effect, that Holcomb said he felt like he was not a qualified juror, but, answering the court, he stated that he could and would try the case according to the law and evidence; that he knew nothing about the particular case and had no opinion as to the guilt or innocence of the defendant. Bill of exceptions No. 4 was taken to the overruling of a motion for new trial, based in part on the overruling of appellant's challenge for cause of juror Holcomb, and also upon the alleged disqualification of said juror and his misconduct in the jury room. Upon the hearing of the motion for new trial a number of the jurors testified, among them Mr. Holcomb, who said:

"When I was being examined as a prospective juror in this case * * * I answered that owing to the circumstances leading up to the time I made his acquaintance, I didn't feel like serving on this jury. I said that I would try to be governed by the evidence, but that I would go into the jury box with this in my mind. * * * As a matter of fact, I couldn't get away from that which was in my mind. There were facts and circumstances surrounding the things that I knew that made me draw conclusions. I had these things in my mind for something like a year and a half before this trial and still had them in my mind during the trial and did not forget them, and when I retired to the jury room they were still in my mind. * * * I participated in the argument of the case and advanced my theories of the case there in the jury room and took the lead in asking that the defendant be given the two-year penalty. * * * The things that were in my mind and the things that I knew were that I had heard of this matter and it had been discussed between one of the officers and myself. I conveyed to the officer with whom I was talking what information I had on being questioned by him. I gave him this information to work on with reference to catching this defendant in violation of some phase of the prohibition law, and of the charge for which he was indicted. I do not remember exactly what I told the officer that I talked to, but we were discussing what I knew of the actions of this defendant and at the time I was talking to him (the officer) I had an opinion in my mind that the defendant was violating the prohibition law and I still have that opinion. I had that opinion before I heard any evidence in this case the other day. With that opinion fixed in my mind I went

into the jury box trying to try the case on the evidence in the case and I came out of it the same way. Of course, I didn't get entirely away from this opinion. I tried to get away from it but I couldn't. The opinion that I had before I went into the trial of the case would have required evidence to remove it. As a matter of fact I felt like that I had to a certain measure though not to a great extent, been instrumental in this defendant being caught. I had an opinion as to the guilt or innocence of the defendant at the time they caught him, and I will say frankly that I had an opinion on this particular case and could not get away from it under the circumstances."

We are impelled to believe Mr. Holcomb not qualified to sit on the jury in this case. The constitutional and statutory guarantee to every person tried for crime that he shall have a trial before a fair and impartial jury is violated if one man of the twelve is partial and unfair, as completely as if the whole panel had prejudged the case. Multiplied words add nothing to the truth and force of this statement.

It is doubtful if a juror should ever be taken whose voir dire answers disclose that he is conscious of such feeling or knowledge in a particular case as would lead him to conclude and state under oath that he ought not to sit. At least the trial judge should fully explore the antecedents of such juror and in doubtful cases he should be excused. It is true that in his qualification to bill of exceptions No. 2 the court below certifies that the juror said he could and would try the case according to the law and the evidence. The juror may have so stated, but in his testimony on the hearing of the motion for new trial his recollection seems to be that he said he would try to try the case according to the law and the evidence, but that he did in fact have an opinion in this particular case before he was taken, which opinion he could not forget or get away from. He states that he had discussed and advised with the officers as to how appellant might be apprehended, and felt that he had been instrumental in his being caught. He said that he took the lead in asking that the jury give appellant a two-year penalty. Even though the trial judge might have been misled by the answers of the juror on his voir dire examination, the statements made by him in connection with the motion for new trial would seem to establish the fact that the juror was biased, had an opinion in this case which he was not able to lay aside, and which influenced his verdict.

We do not think the court should have charged the jury on circumstantial evidence. Appellant was driving the car when he met the officers, and threw out a jug of whiskey, and scuffled with them over a bottle of liquor which seemed to be on the seat with appellant. Matters pertaining to the refusal of a continuance need not be discussed in view of our disposition of the case.

Believing that appellant did not have that fair and impartial trial to which he was entitled because of the attitude of the juror Holcomb, the motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*