## SCULL v. JACKSON.
### No. 5460.

Court of Civil Appeals of Texas. Texarkana.
June 8, 1939.

Minor W. Pitts and H. S. Bonham, both of Corpus Christi, for appellant.

Samuel C. Harris, of Gladewater, for appellee.

WILLIAMS, Justice.

Floyd Scull, defendant below, appeals from judgment overruling his plea of privilege, in statutory form and seasonably filed, to be sued in San Patricio County, his domicile. J. P. Jackson, as Administrator of the Estate of Minnie Eubanks, plaintiff below, on a hearing of the controverting plea, relied upon Section 5, Article 1995, R.C.S.1925, to maintain venue of the suit in Gregg County.

In his petition plaintiff set out two promissory notes which he alleged the defendant had theretofore executed and delivered to Mrs. Minnie Eubanks, each in the sum of $850, dated October 1, 1930, due on or before October 1, 1931, and 1932, respectively, payable to her order at Gladewater, Texas, and providing for interest and attorney's fee. Plaintiff further alleged, by reasons aforesaid, that defendant became liable on the notes per their terms to perform at Gladewater, Gregg County. Plaintiff further alleged that thereafter, to-wit, on or about July 12, 1937, the defendant by letter posted at Odem, Texas, acknowledged such notes and expressed an intention of paying same. The letter reads:

"Odem, Texas
July 12, 1937.

Mr. Samuel C. Harris,
    Gladewater, Texas.

Dear Sir: In reply to your letter of July 7th about Mr. J. P. Jackson's notes, it was not my intention not to pay these notes. However I was forced to pay delinquent taxes and interest which was jointly accumulated by R. H. Eubanks and Mrs. Minnie Eubanks which exceeded the $1700 notes I owed Mrs. Eubanks.

In regard to the credits you spoke of, the $160 credit was credited on interest of some vendor's lien notes that I paid Mrs. Eubanks just before she passed away. The $199 was credited to R. H. Eubanks for labor previous to this time and not on these said notes of which you speak.

    Yours respectfully,

Floyd Scull."

The notes were more than four years past due when this letter was written. This suit was filed July 31, 1937. Plaintiff contends his suit was grounded on this letter. Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874. Defendant does not challenge this contention. Defendant had at all times resided in San Patricio County, Texas.

■ To meet the issue of non est factum, raised by defendant's sworn plea of privilege, Berry v. Pierce Petroleum Corp'n, 120 Tex. 452, 39 S.W.2d 824, plaintiff proceeded to and did prove on the hearing of his controverting plea that the defendant executed the two notes and that he authorized his wife to write the letter. This letter was introduced in evidence. Plaintiff offered the two notes for the limited purpose "only on the proposition of identification and any similarity there might be in the handwriting." The two notes being so offered and admitted in evidence for the specific limited purpose of identifying the signature of defendant, they are in evidence for that purpose only. Short v. Blair & Hughes Co., Tex.Civ. App., 230 S.W. 427; Turner v. Germany, Tex.Civ.App., 94 S.W.2d 1177; 41 Tex. Jur. p. 883. Plaintiff's petition and controverting plea, which were introduced in evidence, were not proof of the contents of the provisions of the notes. Citizens' State Bank v. Alexander, Tex.Civ.App., 274 S.W. 184. Thus we are relegated to the recitations in the letter to determine if defendant promised to perform at Gladewater or elsewhere in Gregg County.

■ If the letter is ambiguous as to whether it does or does not import an unqualified admission of a subsisting indebtedness and express a willingness to pay, which we do not at this time pass upon, the letter certainly does not contain a promise to perform in Gregg County. The letter is wholly silent as to place of payment. It was written at Odem, San Patricio County. In this, plaintiff failed to discharge his burden of establishing a written promise by defendant to perform in Gregg County as required under provisions of Section 5, supra, which reads: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Williams v. Doering, Tex.Civ. App., 28 S.W.2d 893; Curlee Clothing Co. v. Wickliffe, Tex.Civ.App., 38 S.W.2d 175; Nichols et al. v. Benjamin Franklin Bond & Indemnity Corp'n, Tex.Civ.App., 81 S.W.2d 279; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845.

■ This record is subject to the further criticism that this letter or alleged new promise does not identify the two notes described in the petition. The letter declared upon speaks of the "Jackson notes," and is addressed to Mr. Samuel C. Harris. Another letter dated in 1935, introduced in evidence but not declared upon, mentions other notes, a release and a quitclaim deed. The record does not disclose Mr. Harris' or plaintiff's connection with the notes described. "It is indis-

pensable to the sufficiency of an acknowledgment that it appears from the writing, or from evidence offered in explanation thereof, that the new promise relates to the claim which it is relied upon to revive." 28 Tex.Jur. p. 264; Cotulla v. Urbahn, 104 Tex. 208, 126 S.W. 1108, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas.1914B, 217.

We pretermit discussion of other propositions urged. For reasons indicated above, the cause is reversed and remanded with instructions that same be transferred to San Patricio County.