Bill WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 54416.

Court of Criminal Appeals of Texas, Panel No. 2.

May 3, 1978.

Zbranek & Hight, Liberty, for appellant.

James H. Keeshan, Dist. Atty. and Jerry Winfree, Asst. Dist. Atty., Conroe, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of felony theft; the punishment is imprisonment for 7 years.

The appellant was convicted under the former penal code for the offense of theft by false pretext. The prosecution is concerned with an alleged fraudulent conveyance of real property; the land was sold on a contract of sale, but the appellant was unable to furnish good title to the property after he had received full payment.

The judgment will be reversed. The judgment is not supported by any evidence since the jury was erroneously instructed that it could find the appellant guilty of an uncharged offense when evidence of that offense had been admitted for the limited purpose of showing scheme and system. Another error is the overruling of the appellant's challenge for cause of a prospective juror who revealed on voir dire that he was biased against the appellant.

The indictment alleges that appellant committed theft on or about July 19, 1970, in connection with the sale of a parcel of land. When the prosecutor voir dired the jury, in his opening statement he declared that the State was relying on the 1970 transaction. During the course of the trial the State offered evidence of eleven similar offenses for the stated purpose of showing appellant's intent to defraud the complainant. The complainant was also the victim of one of these transactions on February 13, 1973. Defense counsel objected when evidence of the extraneous offense was offered, and the court stated that it would be admitted for the limited purpose of showing the alleged fraudulent scheme.

Although the State asserts that the court subsequently admitted this evidence for all purposes, this contention is not borne out by the record. In fact, the court in its written charge instructed the jury that evidence of the offenses other than the one alleged in the indictment was admitted to show "system, scheme, plan, intent or knowledge . . . and for no other purpose . . you will consider it solely for the purpose for which it was admitted and no other, as proof of any other transaction is not proof of the charge contained in the indictment . . ." Curiously enough, however, the court in the same charge instructed the jury that the State had elected to rely on the February 13, 1973, transaction, and authorized the jury to convict the appellant for that offense which was admitted for the limited purpose.

The State contends, correctly, that it is not bound by the date on or about which the offense is alleged to have been committed, and that appellant could have been convicted upon proof that the offense was committed any time within the period of limitation and prior to the return of the indictment. Art. 21.02, Sec. 6, V.A.C.C.P.; *Hill v. State*, 544 S.W.2d 411 (Tex.Cr.App. 1976); *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974). However, that rule

does not apply to the case at bar. There is no evidence that the offense alleged in the indictment occurred on a different day than alleged.

■ We have been unable to find a prior case in which this Court has considered whether evidence admitted for the limited purpose of showing scheme and system could support a conviction; we hold that evidence admitted for the limited purpose of showing a fraudulent scheme will not support a judgment of conviction. An analogy may be that when evidence is admitted for impeachment purposes in a criminal case, it may not be considered as substantive evidence which will support a judgment. *Keys v. State*, 492 S.W.2d 514 (Tex. Cr.App.1973); *Whitfield v. State*, 492 S.W.2d 502 (Tex.Cr.App.1973); *Wall v. State*, 417 S.W.2d 59 (Tex.Cr.App.1967); *Shivers v. State*, 374 S.W.2d 672 (Tex.Cr. App.1964); *Wells v. State*, 154 Tex.Cr.R. 336, 227 S.W.2d 210 (1950).

Evidence admitted for a limited purpose may not be used for another purpose or to support a judgment in a civil case. See *Davis v. Gale*, 160 Tex. 309, 330 S.W.2d 610 (1960); *Hoggett v. Wright*, 374 S.W.2d 690 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); *Wicks v. Langford*, 320 S.W.2d 707 (Tex.Civ.App.—Eastland 1959, no writ); *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App.—Houston 1959, writ dism'd); *Scull v. Jackson*, 131 S.W.2d 280 (Tex.Civ.App.—Texarkana 1939, no writ); *Turner v. Germany*, 94 S.W.2d 1177 (Tex. Civ.App.—Texarkana 1936, rev'd on other grounds, 132 Tex. 491, 123 S.W.2d 874 1939); *Short v. Blair & Hughes Co.*, 230 S.W. 427 (Tex.Civ.App.—Dallas 1921, no writ). The evidence which was admitted for the limited purpose will not support the judgment of conviction.

Also, the record reflects reversible error in the overruling of appellant's challenge for cause of a prospective juror. Venireman Roy Tilley stated on voir dire that appellant once had drilled a well for him, and that he was dissatisfied with the well. Tilley further stated that he was prejudiced against the appellant as a result of his dealings with appellant, and that therefore his deliberations as a juror would be affected. Tilley later stated that he could disregard his past association with appellant and base his decision on the evidence and the court's charge.

■ After his challenge for cause was overruled, appellant used a peremptory challenge to strike venireman Tilley. Appellant exercised all his peremptory challenges and then was forced to accept a juror who he stated was objectionable to him, thus preserving error. *Hernandez v. State*, 563 S.W.2d 947 (Tex.Cr.App.1978); *Salazar v. State*, 193 S.W.2d 211 (1946); *Wolfe v. State*, 147 Tex.Cr.R. 62, 178 S.W. 2d 274 (1944). Since Tilley clearly evinced bias and prejudice toward appellant, he could not be qualified as a juror, and the court erred in overruling appellant's challenge for cause. Art. 35.16(a)(8), V.A.C. C.P. While a trial court may hold a juror qualified who states that he can lay aside any opinion which he may have formed, no such discretion vests in the court with reference to a juror with bias or prejudice toward an accused. *Gonzalez v. State*, 331 S.W.2d 748 (Tex.Cr.App.1960).

■ When it appears that the feeling had by the proposed juror is really one of prejudice, and that it is directed toward the accused, it is not ordinarily deemed possible for such a juror to be qualified by stating that he can lay aside such prejudice. *Hooper v. State*, 100 Tex.Cr.R. 147, 272 S.W. 493 (1925). See also *McBride v. State*, 110 Tex. Cr.R. 308, 7 S.W.2d 1091 (1928); *Brown v. State*, 289 S.W. 392 (Tex.Cr.App.1926).

The judgment is reversed and the cause remanded.