Marcelo YZAGUIRRE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–96–0058–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 16, 1996.

Chappell & Lanehart, Chuck Lanehart, Lubbock, for appellant.

Richard Clark, Criminal District Attorney, Plains, for appellee.

Before BOYD, C.J., QUINN, J., and REYNOLDS, Senior Justice (Assigned).*

CHARLES L. REYNOLDS, Senior Justice (Assigned).

Appellant Marcelo Yzaguirre, Jr. was separately indicted under trial court causes num-

ber 1727 and 1728, respectively, for the offense of aggravated sexual assault of twelve-year-old J. V., III (the victim) by fellatio, and for the offense of aggravated sexual assault of the victim by anal intercourse, each of which was alleged to have occurred on or about 23 April 1995. By agreement, the two offenses were consolidated for trial before a jury.

Upon trial of the consolidated causes, a jury found appellant guilty of both offenses and assessed respective punishments of confinement for 10 years and a $10,000 fine, probated for 10 years, and of confinement for 10 years. Appealing, appellant has presented a single brief containing a six-point attack against the judgments. Only those points necessary for a final resolution of the appeals are addressed in this opinion, issued on the appeal from the judgment in trial court number 1728 under our cause number 07–96–0058–CR, and in our separate opinion issued this day on the appeal from the judgment in trial court number 1727 under our cause number 07–96–0057–CR.

Challenging, with his second point of error, the sufficiency of the evidence to support his conviction under cause number 1728 for the aggravated sexual assault of the victim by anal intercourse, for which he was assessed punishment of confinement for 10 years, appellant also contends, with his third and fourth points, that his trial attorney rendered ineffective assistance of counsel. Agreeing that the performance of appellant's trial counsel was deficient, which prejudiced the defense, we will reverse and remand.

Prior to trial, the State, as required by Rule 404(b) of the Texas Rules of Criminal Evidence, provided written notice of its intent to employ evidence of crimes, wrongs or acts of misconduct by appellant other than those arising from the events of 23 April 1995. After a pretrial hearing, the trial court, expressing that the only limitation on the admission of such evidence is that it has to have some bearing of relevance on the state of mind, and the previous and subsequent relationship, of appellant and the child,

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex.

Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

granted appellant's motion in limine to preclude the State's noticed use of the victim's statements concerning encounters with appellant in January, February, May, and November of 1994 as extraneous events. The court explained that it was not ruling on the admissibility of the events at that time, but that its ruling would prohibit the State from bringing up the events until the court had ruled on their admissibility.

Nevertheless, before the selection of the jury on the day of trial, the trial court announced:

Okay. At this time, the Court has previously ruled on a Motion in Limine filed by the Defendant, and at this time, I am changing the ruling to a certain extent. Under Article 38.37 in the Code of Criminal Procedure [Annotated (Vernon Supp. 1996)], it's my opinion that evidence of prior sexual conduct or subsequent sexual conduct between the Defendant and the alleged victim of the offense would be admissible. I'm not ruling on the admissibility at this point, however, I am going to change the Motion in Limine (sic) because I don't think it would be fair to prohibit the Prosecution from voir diring the jury concerning that matter.[1]

Parenthetically, we observe that article 38.37 is not applicable to this proceeding, which commenced with the return of the indictments on 19 May 1995. The article—which provides that notwithstanding Texas Rules of Criminal Evidence 404 and 405, evidence of other crimes, wrongs, or acts committed by the defendant against the child victim shall be admitted for its bearing on relevant matters, including (1) the state of mind of the defendant and the child, and (2) the previous and subsequent relationship between the defendant and the child—only applies to any criminal proceeding which commences on or

after its effective date of September 1, 1995. Act of June 5, 1995, 74th Leg., R.S., ch. 318, § 48(b), 2749.

During the course of the trial, the State did not present any evidence that appellant subjected the victim to anal intercourse on or near 23 April 1995, the "on or about" date alleged in the indictment; indeed, the State conceded as much in its closing argument when the prosecutor stated to the jury, "We've told you from the get-go, we can't prove anal intercourse from that day." However, following the victim's recollection of the 23 April 1995 events in response to the prosecutor's questioning, the prosecutor elicited the victim's unlimited testimony that around the Thanksgiving holidays, "[appellant] put his penis in my rear," and his affirmation that he remembered "other times last year when something like this happened." A medical doctor expressed the opinion, based upon a history taken and an examination performed on the victim two days after the alleged sexual assault, that there was an anal sexual assault upon the victim probably not recently, but more likely some time in the past. Appellant's trial attorney neither objected to the testimony nor requested a limiting instruction.

The State adopts the evidence of anal intercourse at times other than on or about 23 April 1995 as the evidence upon which it relies to support the conviction. The State, noting that appellant neither objected to the evidence nor requested a limiting instruction, represents that the evidence was admissible under Texas Rules of Criminal Evidence 404(b) as evidence of opportunity, intent, preparation or plan, and was also admissible to rebut appellant's alibi evidence of being in Abilene, Texas, for Thanksgiving 1994.[2] Accordingly, the State submits that, as the jury was charged, it is not bound by the date

---

1. Appellant excepted to the court's ruling and, upon the State's inquiry, the court confirmed that the State could discuss the extraneous events during voir dire examination.

2. Texas Rules of Criminal Evidence 404(b) provides:

(b) **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

alleged in the indictment so long as the proof at trial shows that the offense occurred within the applicable limitations period, *Lemell v. State,* 915 S.W.2d 486, 489 (Tex.Cr.App.1995), *i.e.,* within the ten-year period prior to the return of the indictment for aggravated sexual assault. Tex.Code Crim.Proc.Ann. art. 12.01(2)(D) (Vernon Supp.1996).

■ Appellant acknowledges that the court's charge was a correct statement of the law; yet, he argues there was substantial evidence that the past conduct evidence was admitted for the limited purpose of establishing a fraudulent scheme, and that evidence admitted for a limited purpose cannot support a conviction. *Williams v. State,* 565 S.W.2d 63, 65 (Tex.Cr.App.1978). The difficulty with appellant's argument is that its major premise is defective, for the past conduct evidence was neither offered nor admitted for a limited purpose. Had the evidence been so offered and admitted, appellant's trial attorney still had the burden of requesting a correct limiting instruction. *Dowthitt v. State,* 931 S.W.2d 244, 265 (Tex.Cr.App. 1996). Since trial counsel neither objected to the testimony nor requested a limiting instruction, the evidence properly could be considered for all purposes. *Hefner v. State,* 735 S.W.2d 608, 619 (Tex.App.—Dallas 1987, pet'n ref'd). As a result, the unobjected to and unlimited evidence was legally and factually sufficient to support appellant's conviction for aggravated sexual assault of the child by anal intercourse occurring within the limitation period before the return of the indictment. *Lemell v. State,* 915 S.W.2d at 489. The second point of error is overruled.

Appellant's third- and fourth-point contentions of ineffective assistance by his trial attorney are predicated on the attorney's omissions to act in two instances. Appellant asserts that his trial attorney failed, first, to object to the admission of the evidence of prior sexual conduct between him and the victim, and, second, to request an instruction limiting the consideration of such past conduct to the purposes for which it was admissible.

In developing his points, appellant argues that the evidence of prior sexual conduct was not admissible under article 38.37, *supra,* the authority under which the trial court opined that the evidence was admissible, and his trial attorney should have objected to the admission of the evidence. Continuing, appellant, tacitly conceding that the evidence may have been admissible for limited purposes, further argues that his trial attorney should have objected to the unlimited admission and, if the court held the evidence was admissible for limited purposes, should have requested a limiting instruction. Because his trial attorney failed to object and to request a limiting instruction, appellant charges him with ineffective assistance of counsel.

■ The standard to measure the adequacy of representation by counsel at the guilt-innocence stage of the trial was articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Cr.App.1986). The standard requires that ineffective assistance of counsel be established by appellant, who must identify the acts or omissions of counsel alleged not to have been the result of professional judgment, and then show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id.* at 55.

■ Aware that the constitutional right to counsel does not mean errorless counsel whose competency is to be judged by hindsight, *Ex parte Cruz* 739 S.W.2d 53, 58 (Tex. Cr.App.1987), but rather by the totality of counsel's representation at the time of trial, *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Cr. App.1986), we begin our consideration of appellant's contentions with the presumption that his trial attorney's conduct comported with reasonable, professional assistance. To sustain his challenges to his attorney's conduct, appellant must overcome the presumption that the conduct might be considered sound trial strategy, *Jackson v. State,* 877. S.W.2d 768, 771 (Tex.Cr.App.1994), by showing his allegations of ineffective representa-

tion are firmly founded. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Cr.App.1981).

■ Before a criminal defense attorney can render reasonably effective assistance to his client, he must have a firm command of the facts of the cause and the governing law. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Cr.App.1990). A logical consequence of the principle is that when the attorney's failure to familiarize himself with the evidence and applicable law undermines the confidence in the outcome of the trial, the attorney's performance falls below an objective standard of reasonableness. *Id.* at 396.

With a firm command of the law, appellant's trial attorney would have realized, and informed the trial court of, the inapplicability of article 38.37, *supra*, the only authority upon which the court relied to modify the previous motion-in-limine ruling precluding the admission of the evidence of past conduct between appellant and the victim. An objection to the application of the authority should have forestalled the court's modification of its prior ruling unless the State convinced the court to admit the evidence for a limited purpose or purposes.

Although appellant faults his trial attorney for not objecting to the admission of the evidence of past conduct on the theory that it was not admissible, he tacitly acknowledges that it may have been admissible for a limited purpose or purposes and, in that event, he charges his attorney with ineffectiveness for not requesting a limiting instruction. Inasmuch as the State failed to adduce any evidence of a sexual assault by anal intercourse on or near the alleged date of 23 April 1995, appellant's trial attorney was obligated to object to the introduction of the past extraneous events as evidence of the offense charged. *Williams v. State*, 565 S.W.2d at 64. Then, in the event the evidence was admitted, as the State submits it was admissible, for a limited purpose or purposes, the trial attorney had the burden of requesting a limiting instruction, *Dowthitt v. State*, 931 S.W.2d at 265, for evidence admitted for a limited purpose may not be used as substantial evidence to support a conviction. *Williams v. State*, 565 S.W.2d at 65.

■ The presumption that appellant's trial attorney's conduct comported with reasonable, professional assistance vanished when he failed to object to the unlimited introduction of evidence of prior conduct between appellant and the victim and, if the evidence were admitted for a limited purpose or purposes, to seek to limit the use of such evidence, because such failures constituted constitutionally deficient assistance of counsel. *Lyons v. McCotter*, 770 F.2d 529, 534 (5th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 833, 88 L.Ed.2d 804 (1986). Indeed, because the evidence of past conduct was, at most, admissible for a limited purpose or purposes and not as substantial evidence of the offense charged, *Williams v. State*, 565 S.W.2d at 65, the attorney's failure to request a limiting instruction on the evidence not only was error rendering the attorney's performance deficient, but was prejudicial error since a rational jury, being informed of the limited use of the evidence, would have been without substantial evidence upon which to convict appellant. *Ex parte Zepeda*, 819 S.W.2d 874, 877 (Tex.Cr.App.1991).

The trial attorney's omissions overcome the presumption that his conduct was based on trial strategy, for the abdication of basic responsibilities is the antithesis of a considered strategy. *Ex parte Dunham*, 650 S.W.2d 825, 827 (Tex.Cr.App.1983). It follows that the trial attorney's omissions constitute ineffective assistance of counsel as set forth in *Strickland* and *Hernandez*. *Ex parte Zepeda*, 819 S.W.2d at 877.

Appellant's third and fourth points of error are sustained. The sustainment pretermits a discussion of appellant's other points by which he seeks a reversal of the judgment and a remand of the cause. Tex.R.App.P. 90(a).

The judgment is reversed and the cause is remanded to the trial court.