TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00300-CR







Sergio Cantu Munoz, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 427694, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING






PER CURIAM


A jury found appellant guilty of driving while intoxicated, first offense. Tex. Penal Code
Ann. § 49.04 (West 1994 & Supp. 1997). The county court at law assessed punishment at incarceration
for ninety days and a $1500 fine, suspended imposition of sentence, and placed appellant on community
supervision.

In his sole point of error, appellant contends the court erred by overruling his challenge for
cause of venire member Beth Meiske on the ground that she was biased against him. Tex. Code Crim.
Proc. Ann. art. 35.16(a)(9) (West 1989). "Bias" is an inclination toward one side of an issue. Anderson
v. State, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). When a prospective juror is shown to be biased
as a matter of law, she must be excused when challenged. Id. at 854. When bias is not established as a
matter of law, the court has discretion to determine whether bias exists to such a degree that the
prospective juror is disqualified. Id. at 853. It is left to the discretion of the trial court to first determine
whether bias exists. When the venire member states she can set aside any influences she may have and the
trial court overrules the challenge for cause, its decision will be reviewed in light of the panelist's entire voir
dire examination. Id. at 854.

During his examination of the panel as a whole, defense counsel brought up appellant's
status as a member of the legislature and asked if anyone "had a bad personal experience with a politician,
or . . . if you've got such feelings that you just don't think you could be fair or impartial in a case where the
defendant is indeed a politician." Meiske replied, "I was fine until you mentioned that." She explained that
she had worked for the government relations director of the state bar, who had "a lot of dealings with the
Legislature." Counsel asked Meiske, "Do you have any measure of bias or prejudice against [appellant]?" 
She answered, "I am no longer comfortable with sitting on the jury." Pressed by defense counsel to
indicate whether she had "a measure of bias or prejudice against [appellant] at this point," Meiske said, "I'd
still like to be open-minded, but yes."

Later, Meiske was questioned individually by the court, the prosecutor, and defense
counsel. Asked by the court if her former employment left her with "a bias or prejudice against anyone in
the Legislature," Meiske replied, "Not at all. I just hold those people in very high regard." Asked by the
court if she had a bias in favor of a legislator, she answered, "To a degree, but yet it's unfortunate that he's
sitting in your court today." Saying he was confused by her answers, defense counsel asked, "Because
you know he's a member of the House of Representatives and . . . it is undisputed that he was seen leaving
a topless bar, can you be fair and impartial in this case?" Meiske answered, "I'd like to think that I could,
yes; but at the same time, you've presented these things before me and I have to be honest with you." She
continued, "I believe I could [be fair and impartial], just like any of the other jurors . . . ." Meiske's
examination concluded as follows:


THE COURT: I understand that you have a bias or prejudice. Is it a bias in his
favor because he's a legislator?


MS. MEISKE: I'm not saying because he's a legislator, he's not wrong. What
I'm saying is that, one, you've brought me into a courtroom where the gentleman has been
said to be driving under the influence of alcohol. I don't find that that's right. Then you say
he was in a topless bar, right? Okay. That's not right. And I'm open-minded. I hold
those gentlemen in great respect, yet here's all these three things.


THE COURT: Can you set all those things aside and judge these things on its
merits, the facts and the law? Can you set all of these things aside?


MS. MEISKE: Yes, because I'm open-minded.


THE COURT: And it won't affect your decision-making in any way, shape, or
form?


MS. MEISKE: But you asked -- and I didn't know that man, and I didn't know
him until he said it.


THE COURT: You can have feelings and -- but you can be fair and impartial? 
You can set those aside?


MS. MEISKE: I can do that.



Appellant challenged Meiske on the ground that she was biased against him because he
is a politician. The court overruled the challenge, saying, "I think the way I hear it is she misunderstood,
and I think it's a bias in his favor. On the same token, she feels there's a problem with going to Exposé,
but she feels she can set that aside."

Appellant argues that in response to defense counsel's original questioning, Meiske stated
unequivocally that she was biased against appellant and that the court had no discretion to allow her to
remain on the jury. Williams v. State, 565 S.W.2d 63, 65 (Tex. Crim. App. 1978). We cannot agree
with appellant's characterization of Meiske's responses. At most, she expressed a reluctance to serve on
the jury based on appellant's status as a member of the legislature. Although she did answer affirmatively
when asked if she had "a measure of bias or prejudice against [appellant] at this point," Meiske prefaced
her answer by saying, "I'd still like to be open-minded . . . ." Moreover, the key to the analysis of all
rulings on challenges for cause is not the venire member's use of a single word, but the import of the
panelist's voir dire examination as a whole. Cordova v. State, 733 S.W.2d 175, 179 (Tex. Crim. App.
1987).

In Cordova, a prosecution for capital murder in the course of a robbery, a venire member
said that his neighborhood had recently experienced a rash of burglaries. In response to questioning by
defense counsel, the panelist said he could not be fair and impartial as a result of this experience. But
during further questioning by counsel for both parties, the panelist said he "believed" he "probably could
be" a fair and impartial juror. Id. at 180. The Court of Criminal Appeals concluded that the voir dire
examination as a whole did not reflect a bias against the defendant and that the trial court did not err by
overruling a challenge for cause.

In Arnold v. State, 778 S.W.2d 172, 183 (Tex. App.--Austin 1989), aff'd, 853 S.W.2d
543 (Tex. Crim. App. 1993), a venire member was involved in an "outburst" during voir dire during which
he said, "I could not be impartial to any of you." He later explained that he had been irritated by the tactics
employed by the parties during voir dire. He understood the State had the burden of proof and that he
would be obligated to acquit the defendants if the State failed to prove each element of the offense. This
Court held that the trial court did not abuse its discretion by overruling a challenge for cause based on
alleged bias.

In this cause, Meiske's voir dire examination as a whole supports the county court at law's
finding that she was not biased against politicians, but instead held members of the legislature in high regard. 
While Meiske disapproved of a member of the legislature going to a topless bar, she clearly stated that she
could put that aside and be fair and impartial. The court did not abuse its discretion by overruling
appellant's challenge of cause. The point of error is overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: June 5, 1997

Do Not Publish



 WP="BR1">
THE COURT: Can you set all those things aside and judge these things on its
merits, the facts and the law? Can you set all of these things aside?


MS. MEISKE: Yes, because I'm open-minded.


THE COURT: And it won't affect your decision-making in any way, shape, or
form?


MS. MEISKE: But you asked -- and I didn't know that man, and I didn't know
him until he said it.


THE COURT: You can have feelings and -- but you can be fair and impartial? 
You can set those aside?


MS. MEISKE: I can do that.



Appellant challenged Meiske on the ground that she was biased against him because he
is a politician. The court overruled the challenge, saying, "I think the way I hear it is she misunderstood,
and I think it's a bias in his favor. On the same token, she feels there's a problem with going to Exposé,
but she feels she can set that aside."

Appellant argues that in response to defense counsel's original questioning, Meiske stated
unequivocally that she was biased against appellant and that the court had no discretion to allow her to
remain on the jury. Williams v. State, 565 S.W.2d 63, 65 (Tex. Crim. App. 1978). We cannot agree
with appellant's characterization of Meiske's responses. At most, she expressed a reluctance to serve on
the jury based on appellant's status as a member of the legislature. Although she did answer affirmatively
when asked if she had "a measure of bias or prejudice against [appellant] at this point," Meiske prefaced
her answer by saying, "I'd still like to be open-minded . . . ." Moreover, the key to the analysis of all
rulings on challenges for cause is not the venire member's use of a single word, but the import of the
panelist's voir dire examination as a whole. Cordova v. State, 733 S.W.2d 175, 179 (Tex. Crim. App.
1987).

In Cordova, a prosecution for capital murder in the course of a robbery, a venire member
said that his neighborhood had recently experienced a rash of burglaries. In response to questioning by
defense counsel, the panelist said he could not be fair and impartial as a result of this experience. But
during further questioning by counsel for both parties, the panelist said he "believed" he "probably could
be" a fair and impartial juror. Id. at 180. The Court of Criminal Appeals concluded that the voir dire
examination as a whole did not reflect a bias against the defendant and that the trial court did not err by
overruling a challenge for cause.

In Arnold v. State, 778 S.W.2d 172, 183 (Tex. App.--Austin 1989), aff'd, 853 S.W.2d
543 (Tex. Crim. App. 1993), a venire member was involved in an "outburst" during voir dire during which
he said, "I could not be impartial to any of you." He later explained that he had been irritated by the tactics
employed by the parties during voir dire. He understood the State had the burden of proof and that he
would be obligated to acquit the defendants if the State failed to prove each element of the offense. This
Court held that the trial court did not abuse its discretion by overruling a challenge for cause based on
alleged bias.

In this cause, Meiske's voir dire examination as a whole supports the county court at law's
finding that she was not biased against politicians, but instead held members of the legislature in high regard. 
While Meiske disapproved of a member of the legislature going to a topless bar, she clearly stated that she
could put that aside and be fair and impartial. The court did not abuse its discretion by overruling
appellant's challenge of c